IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **HELENA NICHOLSON**, <br>       **Plaintiff,** <br><br> v. <br><br> **TXFM, INC., d/b/a NEBRASKA FURNITURE MART, d/b/a NEBRASKA FURNITURE MART OF TEXAS, and d/b/a NEBRASKA FURNITURE MART TEXAS** <br>       **Defendants.** | CIVIL ACTION NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Helena Nicholson files this, her Original Complaint, against Defendant TXFM, Inc., d/b/a Nebraska Furniture Mart, d/b/a Nebraska Furniture Mart of Texas, and d/b/a Nebraska Furniture Mart Texas, for violating state and federal law. The causes of action and summary of claims relating thereto are addressed below:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Helena Nicholson ("Plaintiff" or "Nicholson") is currently a citizen and resident of Texas.

2. Defendant TXFM, Inc., d/b/a Nebraska Furniture Mart, d/b/a Nebraska Furniture Mart of Texas, and d/b/a Nebraska Furniture Mart Texas, ("Defendant"), is a Texas company, that does business in the State of Texas, with its principle office being located in Omaha, Nebraska. Plaintiff worked at Defendant's location in Collin County, Texas. Defendant can been served through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

3. The court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C.

§1331 & §1343.  Venue exists in this district and division as detailed in 28 U.S.C. §1391.

4. On or about September 14, 2015, Plaintiff filed a "Charge of Discrimination" with the Texas Workforce Commission – Civil Rights Division ("TWC"), and the Equal Employment Opportunity Commission ("EEOC"), alleging disability discrimination, (including the failure to provide adequate accommodations).  This action is being timely filed as (a) the events forming the basis for suit occurred within 180 days of filing the charge with the TWC and EEOC, (b) this lawsuit is being filed within ninety (90) days of receiving the Right to Sue from the EEOC on May 2, 2016, and (c) and more than 180 days have elapsed since the charge was filed with the TWC.

## II. FACTUAL BACKGROUND

5. Plaintiff was employed by Defendant as an Inventory Analyst.  This is essentially an office job that requires her to work at a desk and review documentation to keep track of the inventory of Defendant.

6. Plaintiff had/has medical problems that limit her daily life functions.  These medical problems include hypothyroidism, a torn meniscus in her right knee, arthritis, hypertension, hyperlipidemia, chlari malformation, restless leg syndrome, gastric dumping syndrome, a vitamin D deficiency, and probable narcolepsy.  These medical problems have led to -- among other things: (a) Plaintiff being required to submit to surgeries, (b) Plaintiff having to take various medications, and (c) severe difficulties in Plaintiff being able to sleep during the night.

7. In 2015, Plaintiff began having episodes of feeling very tired and would fall asleep uncontrollably.  On July 1, 2015, Plaintiff had a sleep episode at work.  Thereafter, Plaintiff was issued a write up for falling asleep at work.

8. After this first incident of Plaintiff falling asleep at work, she made an

_____
**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                                    **PAGE 2**

appointment with her doctor to figure out what was happening.  Plaintiff's doctor confirmed that Plaintiff suffered from severe fatigue caused by -- among other things -- the medications she was required to take for her medical condition, and her vitamin D deficiency.  The next day Plaintiff brought a note from her doctor discussing her excessive fatigue problem, and she discussed this and her sleep disorder with two of her supervisors.  Plaintiff informed them that it was possible she could have another sleep episode at work, (in essence explaining to them the need for an accommodation).  Plaintiff did not believe this would be a problem as she was only working at a desk, thus, her disability posed no safety threat, and she could easily make up any lost work.  In addition, at no time did Plaintiff's work suffer as a result of these sleep episodes.

9. On or about July 20, 2015, Plaintiff had another sleep episode where she could not control what was happening.  After she woke up she saw her supervisor standing over her, asking her if she was OK.  Plaintiff told her that she felt dizzy and faint.  Later that day Plaintiff's supervisor asked Plaintiff to attend a meeting with a representative from Human Resources.  In the meeting Plaintiff discussed her disability in detail, and wrote a note about these matters, per Defendant's instructions.  Rather than discuss how the disability could be accommodated, Plaintiff was terminated.  Plaintiff was terminated due to her disability, her perceived disability, and/or the failure of Defendant to provide an accommodation for her disability.

### III.   CAUSE OF ACTION

#### A. VIOLATION OF TEXAS COMMISSION ON HUMAN RIGHTS ACT AND AMERICANS WITH DISABILITIES ACT

11. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 10 as if fully stated herein.

12. Plaintiff has satisfied all jurisdictional prerequisites in connection with her claim under the Americans with Disabilities Act ("ADA"), 42 U.S. C. § § 12101 *et. seq.*, and the Texas

Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE. §§ 21.001 *et. seq.*

13. Defendant is an "employer" as defined by the TCHRA and ADA, and Defendant employs more than 15 persons.

14. When Plaintiff worked for Defendant, she was an "employee" as defined by the TCHRA and ADA.

15. Plaintiff is a qualified individual person with a disability as defined by the TCHRA and ADA.

16. Defendant discriminated against Plaintiff, and subsequently discharged her, as result of her disability, record of said disability, and/or because it regarded her as disabled. Defendant also failed to accommodate Plaintiff's disability. Because of her medical condition, Plaintiff has physical impairments that affect major life activities. In spite of Plaintiff's impairments, Plaintiff was still qualified to perform the essential functions of her job.

17. As a result of Defendant's discriminatory actions in violation of the TCHRA and ADA, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future), as well as emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. As a result of these willful violations of the law, Plaintiff requests that she be awarded all compensatory and punitive damages, to which she is entitled, as outlined in the TCHRA and ADA, as well as all equitable relief, and attorney fees and costs.

### IV. JURY DEMAND

Plaintiff requests a trial by jury on all claims.

### V. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

  a. Judgment against Defendant for actual damages, including lost wages and benefits (both past and future), the sum to be determined at time of trial;

  b.  Judgment against Defendant for compensatory damages in the maximum amount allowed by law, (including mental anguish and loss of enjoyment of life);

  c.  Judgment against Defendant for liquidated and/or punitive damages in the maximum amount allowed under law;

  d.  An order that Defendant take such other and further actions as may be necessary to redress its violation of the law, (including possibly injunctive relief, reinstatement or front pay);

  e.  Pre-judgment and post-judgment interest at the maximum amount allowed by law;

  f.  Costs of suit, including attorneys' fees;

  g.  The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled under the ADA and TCHRA.

Respectfully submitted by:

**/s/ Robert (Bobby) Lee**
**Robert (Bobby) Lee**
State Bar No. 00787888
lee@l-b-law.com
**Megan Dixon**
State Bar No. 24079901
dixon@l-b-law.com

**LEE & BRAZIEL, LLP**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel:  (214) 749-1400
Fax:  (214) 749-1010
**ATTORNEYS FOR PLAINTIFF**